UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES MARTINEZ, #249674,

               Petitioner,

                                  CASE NO. 2:12-CV-11778
v.                                HONORABLE VICTORIA A. ROBERTS

JOAN ROGGENBUCK,

               Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

      Michigan prisoner Richard James Martinez ("Petitioner")  filed a Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting that he is in custody in violation of his

constitutional rights.  Petitioner pleaded guilty to possession with intent to deliver between 450 and

999 grams of cocaine, possession with intent to deliver five to 45 kilograms of marijuana, and

maintaining a drug house in the St. Clair County Circuit Court and was sentenced as a second

habitual offender to 15 to 45 years in prison on the cocaine conviction and concurrent terms of 10

months in jail on the marijuana and drug house convictions with credit for time served.  In his

pleadings, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of

trial counsel.

      For the reasons stated, the Court denies the Petition for a Writ of Habeas Corpus.  The Court

also denies a Certificate of Appealability and denies leave to proceed in forma pauperis on appeal.

## II.      Facts and Procedural History

Petitioner's convictions arise from his possession of cocaine and marijuana at his home in St. Clair County, as well as his drug-selling activities, in 2008.   A St. Clair County drug task force instigated controlled buys of cocaine from Petitioner, conducted surveillance, and observed Petitioner making multiple, brief stops at different locations in St. Clair County which they believed were drug transactions.   After receiving a tip that Petitioner was going to a mall to make a drug transaction, deputies confronted him at the mall and arrested him.   He was carrying about two ounces of cocaine and over $1,300.   After being advised of his constitutional rights, Petitioner admitted that the cocaine was for sale and that he had conducted drug transactions that day.   The deputies took Petitioner to his home and obtained a search warrant.   During the search, they found 592.6 grams of cocaine in the house, and 26.7 grams of cocaine and 6,593.5 grams of marijuana in the garage.

Petitioner was subsequently charged with possession with intent to deliver between 450 and 999 grams of cocaine (with a drug enhancement), possession with intent to deliver five to 45 kilograms of marijuana, and maintaining a drug house, as well as being a second habitual offender. He was bound over for trial.   At the plea hearing on May 30, 2008, Petitioner agreed to plead guilty to the drug charges and to being a second habitual offender in exchange for the dismissal of the drug enhancement, an agreement not to charge his wife, and an agreement not to request an upward sentencing departure.   The parties and the court acknowledged that there was no sentencing agreement.   Petitioner was represented by counsel and said that he was satisfied with counsel.   The trial court informed Petitioner of the rights that he would give up by pleading guilty; Petitioner indicated that he understood.   Petitioner confirmed that he was pleading guilty of his own free will

2

and that he had not been threatened or promised anything, other than what was stated on the record, to induce him to plead guilty. When Petitioner hesitated in responding to the court, defense counsel stated that Petitioner's hesitation was due to the parties' extensive discussions about the sentencing guidelines. The court went on to discuss the sentencing issue in further detail, explaining that the plea should only be based upon the on-the-record agreement and that the court was making no promises as to sentencing other than to be fair and follow the law. Petitioner indicated that he understood that there was no sentencing agreement. He confirmed his desire to plead guilty. He then provided a factual basis for his plea. The trial court accepted the plea.

On August 25, 2008, the original date set for sentencing, Petitioner, through new counsel, moved to withdraw his guilty plea, claiming that a statement he made upon his arrest was an illegally obtained confession and that prior counsel was ineffective. The trial court adjourned the matter and scheduled a hearing to determine if Petitioner's plea was knowing and voluntary given the assistance of counsel he had at the time. On September 12, 2008, the trial court denied Petitioner's request to withdraw his plea on the briefs, finding that he had not made the requisite showing to withdraw his plea. The trial court then proceeded to sentence Petitioner to 15 to 45 years in prison on the cocaine conviction and to concurrent terms of 10 months in jail on the marijuana and drug house convictions with credit for time served.

Following the filing of an improper claim of appeal and its dismissal, Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals asserting that the trial court erred in denying his motion to withdraw his plea because he can maintain his innocence at trial, he misunderstood his plea advice, and trial counsel was ineffective. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Martinez*, No.

3

289235 (Mich. Ct. App. Jan. 26, 2009) (unpublished).  Petitioner filed an Application for Leave to

Appeal with the Michigan Supreme Court; it was denied in a standard order.  *People v. Martinez*,

773 N.W.2d 899 (Mich. 2009).

Petitioner then filed a Motion for Relief from Judgment with the state trial court raising

several claims, including a claim that he was coerced into pleading guilty to protect his family.  The

trial court denied the motion, finding that it could not grant relief on claims that were decided

against Petitioner on direct appeal under Michigan Court Rule 6.508(D)(2) and that he had not

shown cause and prejudice as required to raise any new issues under Michigan Court Rule

6.508(D)(3).  *People v. Martinez*, No. 08-000726-FH (St. Clair Co. Cir. Ct. Oct. 26, 2010)

(unpublished).  Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court

of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief

under MCR 6.508(D)."  *People v. Martinez*, No. 301876 (Mich. Ct. App. April 19, 2011)

(unpublished).  Petitioner filed an Application for Leave to Appeal with the Michigan Supreme

Court; it was denied as well.  *People v. Martinez*, 806 N.W.2d 315 (Mich. 2011).

Petitioner, through counsel,  filed his federal Petition for a Writ of Habeas Corpus raising

the following claims:

I.    The trial court judge's refusal to allow Petitioner to withdraw his guilty plea,
      and the guilty plea itself, resulted in an unreasonable application of federal
      law.

      A.    Petitioner's plea was the result of coercion where Petitioner pled
            guilty because he believed his wife would be prosecuted if he
            refused.

      B.    Petitioner's plea was involuntary, unknowing, and unintelligent as a
            result of the ineffective assistance of counsel.

### III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court")

(quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

On direct appeal, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. On state collateral review, the trial court denied relief pursuant to Michigan Court Rule 6.508(D)(2) and (3) and the appellate courts both denied leave to appeal pursuant to Michigan Court Rule 6.508(D).

For the reasons that follow, the Court concludes that the state courts' denials of relief are

neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV.    Analysis

### A.    Procedural Default

Respondent contends that some of Petitioner's claims are barred by procedural default because he first raised them in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).  It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  The United States Supreme Court has explained the rationale behind such a policy:  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  *Lambrix*, 520 U.S. at 525. The procedural default issue appears to be complex here, and the substantive issues are easier to resolve.  Accordingly, the Court proceeds to the merits of Petitioner's claims.

### B.    Merits of Claims

#### 1.    Plea Withdrawal Claim

Petitioner says that he is entitled to habeas relief because the state trial court erred by refusing to allow him to withdraw his guilty plea prior to sentencing.  Petitioner, however, is not entitled to habeas relief on any such claim.  Such a claim is not cognizable on habeas review because it is a state law claim.  A criminal defendant has no federal constitutional right, or absolute right

---

[1]The Court notes that it would reach the same result under a de novo standard of review.

8

under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Habeas relief is not warranted on any such claim.

### 2.    Coerced Plea Claim

Petitioner says that he is entitled to habeas relief because his guilty plea was coerced. Specifically, he claims that his plea was improperly induced by a promise not to prosecute his wife. Petitioner states that on the day of the plea, the prosecutor informed trial counsel that if Petitioner did not accept the plea, Petitioner's wife would be arrested and his step-daughter would be put into foster care.

When a habeas petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and

is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.

The mere fact that Petitioner's plea was based, in part, on a promise that his wife would not be prosecuted does not make it without more coercive.  A plea in exchange for a promise by the government not to prosecute a third party is valid so long as the plea is otherwise voluntary and there is no illegitimate government action.  *See United States v. Usher*, 703 F.2d 956, 959 (6th Cir. 1983) (finding no justification for withdrawal of a guilty plea where the ability of a defendant's wife to plead was conditioned upon the defendant's own plea); *accord United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) (citing *United States v. Marquez*, 909 F.2d 738, 742 (2d Cir. 1990)); *United States v. Keeter*, 130 F.3d 297, 300 (7th Cir. 1997) ("Prosecutors may offer strong inducements, such as reduced charges or immunity for family members, to elicit confessions or guilty pleas."); *Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir. 1995) (government's promise not to prosecute the defendant's wife did not render the defendant's guilty plea invalid where he denied that he had been threatened or coerced); *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir. 1986) (agreement not to prosecute defendant's wife and mother-in-law); *see also Doe v. United States*, 88 F.3d 628 (table), 1996 WL 250444, *5 (6th Cir. 1996) (noting that the Supreme Court has not ruled on the issue, *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n. 8 (1978), and ruling that such deals are permissible if the government has probable cause to prosecute the third party).  Petitioner does not offer any facts to show, nor does the record indicate, that the prosecutor acted in bad faith or lacked probable cause to charge Petitioner's wife.

Moreover, the state court record reveals that Petitioner's guilty plea was knowing, intelligent, and voluntary.  Petitioner was 30 years old, married with a step-daughter, and taking college classes

10

at the time of his plea.  No evidence suggests that he suffered from physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea.  Petitioner was represented by counsel and conferred with counsel during the plea process.  The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty.  The court discussed the charges and the terms of the plea and its consequences, including the maximum sentence for the offenses and the fact that there was no sentencing agreement.  Petitioner indicated he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything, other than what was stated on the record, to induce his plea.  Petitioner provided a factual basis for his plea and admitted his guilt of the offenses.  Petitioner has not shown that his plea was involuntary.  The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary.  *Brady*, 397 U.S. at 757.  Petitioner's plea was not coerced.  Habeas relief is not warranted.

### 3.      Ineffective Assistance of Counsel Claims

Petitioner relatedly claims that he is entitled to habeas relief because defense counsel was ineffective for failing to file potentially dispositive motions before trial, for failing to inform him of all the risks and advising him to plead guilty, and for misadvising him about his sentence.

The United States Supreme Court set forth a two-part test to evaluate the claim of a habeas petitioner who challenges a plea on the ground that he or she was denied the Sixth Amendment right to effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness."  *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's

11

performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 788. Additionally, the Supreme Court emphasized the extraordinary deference afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, _ U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when

12

reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner says that defense counsel was ineffective for failing to investigate his case and file motions. To the extent that Petitioner claims that counsel failed to take certain actions during the pre-plea period, he is not entitled to habeas relief. It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate his case, file motions, or take other action during the pre-trial period is foreclosed by his plea and does not warrant habeas relief.

Petitioner also claims that defense counsel was ineffective for advising him to plead guilty rather than discussing his options and preparing a defense. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v.*

*Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is unwarranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, Petitioner's prior record, the significant evidence of guilt presented at the pre-trial hearings, and the apparent lack of a solid defense.

Although Petitioner believes that he could have defended against the charges, he offers no evidence, other than his own assertions, to support his claims. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *see also Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Habeas relief is not warranted.

Petitioner also alleges that his guilty plea was involuntary because defense counsel failed to inform him of all the risks and misadvised him about his possible sentence. In particular, Petitioner claims that counsel led him to believe that they had negotiated a sentencing agreement where his sentence would be 11-23 years and he would serve less than that with good time credits. He states that he did not understand that the prosecutor could argue for higher guideline scoring. Petitioner presents his own affidavit (dated November 15, 2010) in support of his assertions, but does not offer an affidavit from defense counsel or other supporting documentation for this claim.

14

2:12-cv-11778-VAR-CEB   Doc # 8   Filed 06/16/14   Pg 15 of 17   Pg ID 1011

Nonetheless, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. The court reviewed the terms of the agreement and the consequences of the plea, including the maximum sentences for the offenses and the fact that there was no sentencing agreement. In fact, when Petitioner hesitated when asked whether any other promises had been made to him, the trial court clarified that the plea should only be based upon the agreement stated on the record and that there was no sentencing agreement. Petitioner acknowledged that he understood such matters. Petitioner has not shown that his plea was unknowing.

Furthermore, any claim that defense counsel pressured him into pleading guilty conflicts with his sworn testimony at the plea hearing that he was pleading guilty of his own free will. There is no evidence that counsel strong-armed Petitioner or misled him to get him to accept the plea. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Given the nature of the case and the significant evidence of guilt, counsel's plea advice was reasonable.

15

Moreover, Petitioner has not shown that but for counsel's sentencing advice or other alleged errors, he would not have pleaded guilty and would have insisted on going to trial. His own affidavit indicates that he rejected the prosecutor's offer when he believed that there was a sentencing agreement of 11-23 years (with less time served due to good time credit) and chose to proceed with pre-trial motions, but subsequently accepted a plea bargain in order to protect his family. In short, Petitioner fails to establish that counsel erred or that he was prejudiced by counsel's conduct so as to demonstrate that counsel was ineffective under the *Strickland/Hill* standard. Habeas relief is not warranted.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal this decision, a Certificate of Appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a

16

substantial showing of the denial of a constitutional right as to his claims.  The Court therefore **DENIES** a Certificate of Appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal from this decision cannot be taken in good faith.  Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 16, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 16, 2014.

S/Carol A. Pinegar
Deputy Clerk

17