UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES MARTINEZ, #249674,

        Petitioner,

                                CASE NO. 2:12-CV-11778
v.                                    HONORABLE VICTORIA A. ROBERTS

JOAN ROGGENBUCK,

        Respondent.
                                    /

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

      Before the Court is Petitioner Richard James Martinez's pro se motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) concerning the Court's June 16, 2014 denial of his habeas petition. Petitioner filed a notice of appeal on June 27, 2014 and submitted the appellate filing fee on August 11, 2014. He filed the present motion on October 20, 2014. He essentially seeks relief from judgment on the basis that habeas counsel failed to properly investigate his case and failed to raise and argue all of his issues.

      Petitioner's motion must be denied. First, the Court lacks jurisdiction to decide the motion because it was filed after his notice of appeal and the filing of his notice of appeal transferred jurisdiction of the case to the United States Court of Appeals for the Sixth Circuit. *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *see also Ruelas v. Wolfenbarger*, 580 F.3d 403, 407 (6th Cir. 2009) (citing *Pickens*).

      Second, even if the Court could rule on the motion, the Court would deny it. Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner makes no such showing. First, he fails to demonstrate that the Court erred in denying habeas relief on the claims contained in his petition. Second, to the extent that he contends that habeas counsel was ineffective and failed to properly represent him, he is not entitled to relief. There is no constitutional right to counsel in federal habeas proceedings, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), and challenges to the adequacy of habeas counsel's performance do not amount to a fraud upon the court or go to the integrity of the proceedings. *See Brooks v. Bobby*, 660 F.3d 959, 962-63 (6th Cir. 2011). In fact, the federal habeas statute provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Third, to the extent that he seeks to raise new claims or arguments challenging his state court convictions which he believes were not properly presented in his initial proceedings before this Court, his motion constitutes a second or successive habeas petition. *See Brooks*, 660 F.3d at 962 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Such a second or successive petition must be transferred to the Sixth Circuit for authorization to proceed. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Petitioner fails to establish that he is entitled to relief from judgment. Accordingly, the Court **DENIES** his motion. This case remains closed.

S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2014