UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES MARTINEZ, #249674,

        Petitioner,

                                  CASE NO. 2:12-CV-11778
v.                                  HONORABLE VICTORIA A. ROBERTS

JOAN ROGGENBUCK,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND DENYING HIS APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This matter is before the Court on Petitioner's Motion for a Certificate of Appealability and his Application to Proceed in Forma Pauperis on Appeal concerning the Court's November 4, 2014 denial of his Federal Rule of Civil Procedure 60(b) motion and arising from the Court's June 16, 2014 denial of habeas relief.

A certificate of appealability ("COA") is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges in this district have adopted the following standard

for determining whether a COA should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012);

*Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2. (E.D. Mich. July 21, 2010) (both citing

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Having reviewed the matter, the Court concludes that Petitioner is not entitled to a COA regarding the Court's denial of his Rule 60(b) motion because he has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying relief from judgment or that jurists of reason would find it debatable that the underlying habeas petition states a valid claim of the denial of a constitutional right.  The Court properly determined that Petitioner's habeas claims concerning the validity of his plea and the effectiveness of counsel lacked merit. Accordingly, the Court **DENIES** Petitioner's Motion for a Certificate of Appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** Petitioner's Application for Leave to Proceed in Forma Pauperis on Appeal.

**IT IS SO ORDERED**.

S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2014